MARK WINDSOR, Cal. Bar No. 190589
65 North Raymond Avenue, Suite 320
Pasadena, CA 91103
Tel: (626) 792-6700
Fax: (626) 956-8900
Email: mark@windsorlaw.us

Attorney for Defendant Juan Ramon Matta-Ballesteros

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> JUAN RAMON MATTA-BALLESTEROS(17), <br><br> Defendant. | Case No.: 87CR0422-JAK-17 <br><br> DEFENDANT MATTA-BALLESTEROS'S NOTICE OF MOTION AND MOTION TO COMPEL SPECIFIC DISCOVERY <br><br> Date: August 30, 2018 <br><br> Time: 10:00 a.m. |

PLEASE TAKE NOTICE that on August 30, 2018, at 10 a.m., Defendant Juan Matta-Ballesteros, by and through counsel, will move to compel the government to immediately produce specific discovery as outlined herein.

This motion will be made pursuant to Fed R. Crim. P. 12(b)(1) and 16, *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), *Kyles v. Whitley*, 514 U.S. 419, 437 (1995), *Roviaro v. United States*, 353

U.S. 53 (1957), and the Fifth and Sixth Amendments to the United States Constitution.

This motion is based on this notice of motion and motion, the attached exhibits, the records and files in this case and such oral or documentary evidence as may be presented at the hearing on this motion.

Dated: August 6, 2018        Respectfully Submitted
                        By:  /s/
                             MARK WINDSOR
                             Attorney for Defendant Juan Ramon Matta-Ballesteros

## I. STATEMENT OF FACTS

Mr. Matta-Ballesteros is charged with (1) conspiracy to kidnap a federal agent; (2) kidnapping a federal agent; and (3) committing a violent crime in aid of racketeering. These charges stem from the February 7, 1985 abduction and murder of DEA agent Enrique Camarena-Salazar in Guadalajara, Mexico, and the evidence at trial put forth by the prosecution will center on attempts by the government to place Mr. Matta-Ballesteros in Guadalajara at various relevant times, including at or around the time of the kidnapping and at meetings where plans were laid. Mr. Matta-Ballesteros is a citizen of Honduras, was living much of the time in third countries in 1985 and did not reside in Mexico. The government will contend that Mr. Matta-Ballesteros used two passports during the relevant time period, both from Venezuela and under a different name. Poor quality photocopies of these passports have been produced in discovery, but few of the stamps and associated dates and writings in the passports are legible in these photocopies.

On May 9, 2018, counsel for Mr. Matta requested to view the original items depicted in several photocopies turned over in discovery. The list of requested items included two Venezuelan passports in the name of Jairo Rios Vallejo (Bates 22637-22649; 22682-22696) that the defense anticipates will be attributed to Mr.

Matta. On that same date government counsel told the defense, "We will review your request and get back to you." On May 18, 2018, defense counsel asked for an update on these requests, to which government counsel responded that they had "followed up" about the requests. On May 22, 2018 government counsel informed defense counsel that another AUSA was "looking into the items you requested to view." That same day, the other government counsel stated they would track down the digital versions of the items requested for viewing and then "Try to see where the physical copies are," further indicating that they might be viewable the following week. On May 25, 2018 the parties met and conferred regarding the requests. The defense was shown some of the photocopies from which later photocopies were made, but no original photographs, nor passports, nor other tangible items were provided for inspection. The earlier-generation photocopies of the passports remained illegible in all relevant respects. Government counsel promised to inquire with the DEA regarding the location of the requested items, though it appeared that such inquiry had not yet been made. No further information regarding these requests has been provided to the defense since that time.

//

//

//

## II. ARGUMENT

### A. The government must disclose any discovery that is material to preparing the defense and/or favorable to a defendant, and that is under its control.

It is well established that, pursuant to its discovery obligations under Federal Rule of Criminal Procedure 16, "the government must disclose any documents or other objects within its possession, custody, or control that are material to preparing the defense" upon request by the defense. *United States v. Hernandez-Meza*, 720 F.3d 760, 768 (9th Cir. 2013) (internal quotations omitted). "Where a defendant seeking discovery from the government has demonstrated materiality, the district court should not merely defer to government assertions that discovery would be fruitless; criminal defendants should not have to rely solely on the government's word that further discovery is unnecessary." *United States v. Batziak*, 697 F.3d 1105, 1112-13 (9th Cir. 2012).

Federal Rule of Criminal Procedure 16(a)(1)(E) requires the government to disclose evidence that is material to preparing the defense; evidence that the government intends to use in its case-in-chief; and evidence that was obtained from or belongs to the defendant. Fed. R. Crim. P. 16(a)(1)(E)(i)-(iii). At trial, the government's case-in-chief will likely include the introduction of or reference to the passports and all or many of the additional items requested in original form, as well as audio recordings. In the present case, the government will allege it

1  obtained at least one of the passports and several other items, including an address
2  book listed in the request, from the residence of Mr. Matta. Audio recordings,
3  transcripts, and other recorded documentation of communication are clearly
4  
5  tangible objects. *See, e.g., United States v. Smith*, 101F.3d 202, 209 (1st Cir.
6  
7  1996) (defining "tangible" objects as those that are capable of being inspected,
8  copied, or photographed.) Physical objects that are seized during an arrest are also
9  tangible objects that should be disclosed. Upon the request of the defendant, the
10 
11 government must therefore turn over all such statements and evidence in its
12 possession.
13 
14         Evidence that is material includes information relevant to guilt or
15 punishment of whatever form, source, or nature which tends to exculpate the
16 
17 defendant either through an indication of his innocence or through the potential
18 impeachment of any government witness, or information which may lead to such
19 exculpatory information. *See Brady v. Maryland*, 373 U.S. 83 (1963); *Strickler v.*
20 
21 *Greene,* 527 U.S. 263 (1999); *Kyles v. Whitley*, 514 U.S. 419 (1995); *Banks v.*
22 *Dretke*, 540 U.S. 668 (2004).
23 
24         The government's duty to disclose *Brady* evidence prior to trial is broad and
25 exists even without a specific defense request for exculpatory evidence. *See*
26 *Kyles*, *supra*, 514 U.S. at 432-34; *United States v. Alderdyce*, 787 F.2d 1365,
27 
28 1369 (9th Cir. 1986). The government must make a "reasonable effort" to aid the

defense and may not withhold requested *Brady* evidence simply by claiming it is not exculpatory. *United States v. Hernandez-Gonzalez*, 608 F.2d 1240, 1246 (9th Cir. 1979). The defense, not the government, decides whether evidence requested constitutes exculpatory evidence. *See Dennis v. United States*, 384 U.S. 855, 875 (1966). Potentially exculpatory material includes any evidence that is in the possession of the prosecution team, including government prosecutors and investigators. *See Kyles*, 514 U.S. at 454; *United States v. Wood*, 57 F.3d 733, 737 (9th Cir. 1995); *United States v. Auten*, 632 F.2d 478, 481 (5th Cir. 1980). The government may not purposely "keep[] itself in ignorance, or compartmentaliz[e] information about different aspects of a case." *Carey v. Duckworth*, 738 F.2d 875, 878 (7th Cir. 1984).

### B. The government must produce the original documents requested.

Because Mr. Matta's whereabouts at certain key dates, including early February of 1985, will be contested issues at trial, the original of any passport used by Mr. Matta is material, and potentially exculpatory. This is especially true where, as in this case, the photocopies provided by the government are of such poor quality that they are illegible. It appears that these documents bear several stamps indicating entry and exit times to various countries, and those stamps must

be viewed in their original condition in order to determine whether they indicate location or travel at any time relevant to the events in this case.

Furthermore, the admissibility of physical evidence in a case relies heavily on chain of custody. The chain of custody refers to the documentation and proper care of evidence, from its seizure by the government to its presentation at trial. This is especially important for items such as currency, which may not be readily identifiable without a well-documented chain of custody. If the chain of custody is broken, the evidence may lack credibility and could be deemed inadmissible. In complying with its general discovery obligations, the government must allow the defense to examine chain of custody records to ensure the admissibility of its evidence. *See* Fed. R. Evid. 901.

Finally, the "best evidence rule," contained in Article X of the Federal Rules of Evidence (Sections 1001-1008), expresses a strong preference for the original copy of a document over a copy as superior evidence. The rule applies when a party seeks to prove the contents of the document sought to be admitted as evidence, such as the passport documents in the present case. Secondary evidence, such as a copy or reproduction, is not admissible if an original document exists. In the present case, the best evidence rule operates to mandate that the government produce originals of the defendant's passports for the defendant's inspection. The grainy photographic reproductions of the passport pages that have thus far been

turned over by the government are insufficient and should be rejected as unsatisfactory copies of the original under the federal best evidence rule.

Federal Rule of Evidence 1002 provides that "an original writing, recording, or photograph is required in order to prove its content unless" an exception is found by the Court. Rule 1003 instructs courts to reject a duplicate document if "a genuine question is raised about the original's authenticity or the circumstances make it unfair to admit the duplicate." *See, e.g., Ruberto v. Commissioner of Internal Revenue*, 774 F.2d 61, 64 (2d Cir. 1985) (tax court did not err in excluding photocopies of canceled checks, "since problems in matching the copies of the backs of the checks with copies of the fronts made them somewhat suspect"); *Amoco Production Co. v. United States*, 619 F.2d 1383, 1391 (10th Cir. 1980) (approving trial court's determination that "admission of the file copy would be unfair because the most critical part of the original conformed copy … is not completely reproduced in the 'duplicate'").

In the present case, it is unfair to admit the duplicates provided by the government because they are not true and accurate depictions of the original passport pages, but rather illegible, poor reproductions of the actual documents missing critical parts. The originals would contain important, material information not contained in the poor-quality photocopies, and would likely be necessary for a fair opportunity to cross examine any witnesses alleging Mr. Matta's presence in

Mexico at relevant times. *See United States v. Alexander*, 326 F.2d 736 (4th Cir. 1964) and *Toho Bussan Kaisha, Ltd. v. American President Lines, Ltd.*, 265 F.2d 418 (2d Cir. 1959).

### III.  CONCLUSION

For the above reasons, Mr. Matta respectfully requests this Court compel production of the original passports and all other tangible items in the possession or control of the government that are material to the defense in this case. Further, Mr. Matta requests all chain of custody documents with regard to these items. Finally, Mr. Matta requests the government be compelled to provide a list of all items represented in photocopies provided in discovery in this case that the government will not produce in original form for defense review.

Respectfully submitted,

/s/
DATED: August 6, 2018     _____
Mark Windsor
Counsel for Mr. Matta-Ballesteros